# DISTRICT COURT OF THE VIRGIN ISLANDS

# DIVISION OF ST. CROIX

HAROLD JOSEPH,

                    Plaintiff,                    2007-CV-0001

    v.

FLOW INTERNATIONAL CORPORATION,

                    Defendant.

TO:    Joel H. Holt, Esq.
         W. Mark Wilczynski, Esq.

## ORDER GRANTING DEFENDANT'S MOTION FOR LEAVE TO AMEND ANSWER

THIS MATTER came before the Court upon Defendant's Motion for Leave to Amend Answer (Docket No. 11). Plaintiff filed an Opposition to Motion to Amend Answer, which was followed by Defendant's Reply to Plaintiff's Opposition to Motion to Amend Answer.

Defendant moves, pursuant to Fed. R. Civ. P. 15(a), for leave to add six affirmative defenses to those originally asserted in Defendant's Answer and Affirmative Defenses (Docket No. 3). Rule 15(a) states:

> A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon

*Joseph v. Flow International Corporation*
2007-CV-0001
Order Granting Defendant's Motion for Leave to Amend Answer
Page 2

> the trial calendar, the party may so amend it at any time within 20 days after it is served. Otherwise, a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave *shall be freely given* when justice so requires.

Fed. R. Civ. P. 15(a) (emphasis added).

As Defendant's 20-day period to amend as a matter of course has expired, Defendant may now amend only by leave of the Court or by Plaintiff's written consent. In its opposition, Plaintiff gives written consent to Defendant's proposed affirmative defenses four (4), five (5), six (6), and the portion of three (3) dealing with subject matter jurisdiction. However, Plaintiff also expresses its opposition to Defendant's proposed affirmative defenses one (1), two (2), and the portion of three (3) dealing with personal jurisdiction. Therefore, the Court must now consider whether to grant Defendant leave to amend regarding those three affirmative defenses.

According to the United States Supreme Court, Rule 15(a) requires courts to grant leave to amend "[i]n the absence of any apparent or declared reason - such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962). Furthermore, it must be remembered that the "Federal Rules reject the approach

*Joseph v. Flow International Corporation*
2007-CV-0001
Order Granting Defendant's Motion for Leave to Amend Answer
Page 3

that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits."  *Id.* at 181-182 (internal citation omitted).  Therefore, the federal rules require that leave to amend be granted liberally.

Plaintiff asserts that Defendant's proposed affirmative defenses one (1) ("[s]ervice of process upon Flow was insufficient as a matter of law") and three (3) ("[t]he Court lacks . . . personal jurisdiction over Flow") have been waived under Fed. R. Civ. P. 12(h).  In *Kraushaar v. Leschin*, 4 F.R.D. 144 (E.D. Pa. 1944), the court allowed the defendant to amend and add an affirmative defense despite the plaintiff's contention that such affirmative defense had been waived pursuant to Rule 12(h).  The court explained that it was "constrained to permit [the] amendment in view of the liberality specifically prescribed by Rule 15(a)."  *Id.* at 145.  The court stated that, although the defendant had delayed for approximately three months before moving for the amendment, "Plaintiff has failed to show any substantial prejudice by reason of defendant's delay."  *Id.*  This case is factually similar to *Kraushaar* in that Defendant moves to amend and add affirmative defenses that Plaintiff contends have been waived pursuant to Rule 12(h). Moreover, Defendant assures that there is no dilatory motive or bad faith involved in its three-month delay, and Plaintiff does not demonstrate any substantial prejudice by reason of Defendant's delay.  As such,

*Joseph v. Flow International Corporation*
2007-CV-0001
Order Granting Defendant's Motion for Leave to Amend Answer
Page 4

Plaintiff has failed to overcome the liberality in favor of granting Defendant's motion for leave to amend.

Plaintiff also opposes Defendant's proposed affirmative defense two (2) ("Plaintiff has failed to exhaust any and all administrative remedies requisite to Plaintiff's recovery from [Flow] in this action, including, but not limited to, mediation and/or arbitration") on the grounds that it lacks a factual basis. In *Kraushaar*, the plaintiff also opposed another of the defendant's proposed affirmative defenses for lack of a factual basis. The court in *Kraushaar* allowed the defendant to add the defense, stating, "Plaintiff asserts that this defense, under the facts of the case, has no legal merit, but that question need not now be considered." *Id.* Here, too, this case mirrors *Kraushaar*. Although Defendant's proposed affirmative defense two (2) may lack legal merit under the facts of this case, that question need not now be considered.

Accordingly, it is now hereby **ORDERED**:

1. Defendant's Motion for Leave to Amend Answer (Docket No. 11) is **GRANTED**.

2. Defendant's First Amended Answer and Affirmative Defenses is **DEEMED FILED** as of the date of entry of this Order.

*Joseph v. Flow International Corporation*
2007-CV-0001
Order Granting Defendant's Motion for Leave to Amend Answer
Page 5

ENTER:

Dated: July 6, 2007

_____/s/_____
GEORGE W. CANNON, JR.
U.S. MAGISTRATE JUDGE